EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: |  |
|---|---|
|  | 2025 TSPR 104 |
| Norberto Falcón Morales | 216 DPR ___ |

Número del Caso:  TS-8,503


Fecha:  17 de octubre de 2025


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por infringir el Canon 9 del Código de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Norberto Falcón Morales | TS-8,503 | |

**PER CURIAM**

En San Juan, Puerto Rico, a 17 de octubre de 2025.

Este caso presenta otra instancia en la que tenemos que ejercer nuestra facultad disciplinaria sobre un integrante de la profesión legal que ha desatendido nuestras órdenes reiteradamente.

En específico, en esta ocasión ordenamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Norberto Falcón Morales (licenciado Falcón Morales) por infringir el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.

Veamos los hechos que dieron base a este proceso ético.

**I**

El licenciado Falcón Morales fue admitido al ejercicio de la abogacía el 14 de enero de 1987 y al ejercicio de la notaría el 18 de junio de 2001.

El 24 de abril de 2025, el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (ODIN), presentó ante nos un *Informe especial sobre*

*incumplimiento para realizar proceso de examen de obra notarial, incumplimiento con proceso de reconstrucción de obra notarial extraviada y otros; y en solicitud de remedios* (Informe).

Según el Informe del Director de la ODIN, el 27 de febrero de 2023 este le remitió al licenciado Falcón Morales una comunicación en la que le informó que estaba presentando los Informes Mensuales y Anuales en formato físico, lo que contraviene lo dispuesto en la Orden Administrativa 2021-082 del 12 de agosto de 2021 (OAJP-2021-02) efectiva el 1 de septiembre de 2021. A esos fines, le confirió hasta el 15 de marzo de 2023 para que presentara en la plataforma del Sistema Integrado Notarial (SIGNO) un total de doce (12) Informes de Actividad Notarial Mensual y dos (2) Informes Estadísticos de Actividad Notarial Anual. Además, el Director de la ODIN le requirió a un Inspector de Protocolos y Notarías (Inspector) que se comunicara con el licenciado Falcón Morales para que encaminara el proceso de examen de su obra protocolar, la cual no había sido examinada por las pasadas dos (2) décadas.

Del Informe del Director de la ODIN se desprende que, posteriormente, el Inspector presentó un escrito intitulado *Informe [notificando] la falta de interés e inacción [del] [licenciado Falcón Morales], Notario Número 8[,]503, para cumplir con los requerimientos del Inspector de Protocolos y Notarías y dilatar el proceso de inspección (Regla 77n),*

el cual tiene fecha del 23 de marzo de 2025. En esa misiva, el Inspector expresó que, luego de varios intentos de comunicación comenzados en marzo de 2023, el licenciado Falcón Morales respondió el 27 de septiembre de 2023. Al así hacerlo, el abogado expresó que no ejercía la profesión notarial desde ya muchos años y que interesaba cesar voluntariamente de la práctica. De igual forma, y por primera vez, este informó que su obra notarial se encontraba perdida (destruida), como resultado del paso del huracán María en septiembre de 2017, es decir, hacía seis (6) años.

El Inspector añadió que, tras reprogramar en dos (2) ocasiones la visita inicial de inspección a la sede en que ubicaba la obra notarial, el 9 de marzo de 2023 finalmente compareció. Indicó que, durante la visita, el licenciado Falcón Morales le admitió que desconocía cuanta obra notarial tenía bajo su custodia al momento de ser destruida. El Inspector alegó que orientó nuevamente al abogado sobre el proceso que debía encaminar para reconstruir su obra, en aras de que esta pudiera ser examinada y aprobada y así dar curso al proceso de cesación voluntaria.

Según el Inspector, el 14 de noviembre de 2023 el licenciado Falcón Morales le remitió un correo electrónico con fotos sobre cómo quedó su sede notarial tras el paso

del huracán María.[1] Sin embargo, indicó que a partir de ese entonces el letrado no se comunicó con él o algún otro funcionario de la ODIN para cumplir con los requerimientos cursados.[2] Finalmente, el Inspector expuso que el licenciado Falcón Morales adeudaba el pago de la Fianza Notarial desde el 2011 y varios Informes de Actividad Notarial Mensual y Anual.

En vista de lo anterior, el Director de la ODIN concluyó en el Informe que el licenciado Falcón Morales desplegó un patrón de incumplimiento con las peticiones de ese ente. Por lo cual, solicitó la suspensión inmediata e indefinida del letrado de la práctica notarial, la incautación del sello notarial y que se ordenara la reconstrucción de la obra notarial extraviada, el pago de la Fianza Notarial y la presentación de los Índices adeudados.

En consecuencia, el 30 de abril de 2025 emitimos una Resolución en la que ordenamos que se incautara el sello notarial bajo la custodia del licenciado Falcón Morales y se entregara el mismo al Director de la ODIN para el trámite correspondiente. De igual forma, le concedimos un término de diez (10) días al letrado para que contestara el

---

[1] En esa misma fecha, el Lcdo. Norberto Falcón Morales remitió una Solicitud de Certificación de Informes Notariales a la Oficina de Inspección de Notarías (ODIN) procurando una copia de todos los Informes Anuales en récord. Esto, con el propósito de reconstruir su obra notarial. Sin embargo, el letrado solo completó la solicitud para el año 2000. Por lo cual, el 27 de noviembre de 2023 la ODIN certificó que no tenía constancias en el Registro de Informes Notariales para ese entonces.

[2] Según el Informe de la ODIN, la última comunicación cursada por el Inspector de Protocolos y Notarías al licenciado Falcón Morales fue el 5 de agosto de 2024.

Informe y mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría de manera inmediata e indefinida.[3]

Transcurrido el término otorgado al licenciado Falcón Morales sin que este compareciera a cumplir con lo ordenado, el 22 de mayo de 2025 emitimos una Resolución mediante la cual lo suspendimos de la práctica notarial inmediata e indefinidamente. En esa ocasión, también le ordenamos al letrado que, dentro del término de sesenta (60) días, encaminara el proceso de reconstrucción de su obra notarial extraviada y no examinada. A su vez, le requerimos que dentro del mismo plazo presentara los Informes de Actividad Notarial adeudados y la evidencia acreditativa del pago de la Fianza Notarial para el periodo discurrido desde el 2011 hasta el 2025, inclusive. Por último, le apercibimos que el incumplimiento con lo ordenado podría conllevar que se le impusieran sanciones más severas, incluyendo la suspensión del ejercicio de la abogacía y el referido de este asunto a un proceso de Desacato Civil.

Así las cosas, el 29 de julio de 2025, el Director de la ODIN compareció nuevamente ante nos mediante una *Moción notificando incumplimiento de orden y en solicitud de remedio*. En esta, indicó que el término concedido al licenciado Falcón Morales venció el pasado 21 de julio de 2025.

---

[3] Este dictamen fue notificado personalmente al licenciado Falcón Morales el 7 de mayo de 2025.

Por otro lado, el Director de la ODIN añadió que el Inspector a cargo del proceso le remitió un *Informe sobre el estado de [la] obra notarial incautada al [licenciado Falcón Morales]* en el que expuso que: (1) el licenciado Falcón Morales no ha entablado comunicación alguna para coordinar el proceso de subsanación de la obra notarial incautada y cumplir con el mandato dictado en el mes de mayo; (2) no se ha podido realizar el proceso de examen de la obra notarial correspondiente, puesto que los Alguaciles solo pudieron incautar el sello notarial que custodiaba el letrado; (3) el proceso de reconstrucción mandatado no se ha encaminado; (4) como parte del análisis, se identificó una deficiencia arancelaria en la obra notarial que debe ser reconstruida la cual asciende, preliminarmente, a $2,475.00; (5) el notario suspendido no ha presentado la evidencia acreditativa del pago de la Fianza Notarial para el periodo de noviembre de 2011 hasta mayo de 2025; (6) el letrado continúa adeudando los Informes de Actividad Notarial Mensual siguientes: mayo de 2013; febrero de 2014; noviembre de 2015; agosto de 2016; febrero, mayo y septiembre de 2017; septiembre y diciembre de 2018; enero, marzo y junio de 2019; mayo de 2020; febrero y agosto de 2021; junio a diciembre de 2022; enero, mayo y noviembre de 2023; mayo, julio y septiembre a diciembre de 2024; y enero a mayo de 2025; y, que además, (7) el letrado aún adeuda los Informes Estadísticos de Actividad Notarial Anual de

los años naturales 2005, 2009, 2012 al 2014, 2017 al 2018, y 2021 al 2024.

Así las cosas, el Director de la ODIN solicitó que se refiriera el presente asunto a un proceso de Desacato Civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan y que se evaluara si procedía la suspensión del letrado del ejercicio de la profesión legal por su incumplimiento con lo mandatado en la Resolución del 22 de mayo de 2025.

Expuestos los hechos pertinentes, pasemos a disponer de este asunto.

## II

Como parte del poder inherente que tenemos para regular la profesión legal, nos corresponde velar por que las personas admitidas a ejercer la práctica de la abogacía y de la notaría desempeñen sus funciones de manera responsable, competente y diligente. *In re Rivera Rodríguez*, 2025 TSPR 69, 216 DPR ___ (2025); *In re Pérez Fernández*, 213 DPR 950, 956 (2024); *In re Malavé León*, 211 DPR 971, 977 (2023).

Con esto en mente, debemos mencionar que el Canon 9 del Código de Ética Profesional, *supra*, requiere que los abogados y las abogadas observen hacia los tribunales una conducta que se caracterice por el mayor respeto. Sobre el particular, hemos enfatizado que la desatención e indiferencia a nuestras órdenes y apercibimientos constituye un serio agravio a la autoridad judicial, lo que

vulnera el Canon 9 y pudiera conllevar que se impongan sanciones disciplinarias, incluyendo la separación inmediata e indefinida de la profesión. *In re Torres Babilonia*, 203 DPR 247, 250-251 (2019); *In re Aguilar Gerardino*, 202 DPR 586, 592 (2019); *In re Cobas Mondríguez*, 201 DPR 790, 794-795 (2019); *In re Ortiz López*, 201 DPR 720, 725 (2019).

Por otro lado, las obligaciones impuestas por el Canon 9 se extienden a los requerimientos asociados a la ODIN como brazo operacional de este Foro. *In re Torres Babilonia*, *supra*, pág. 251. Véase, además, *In re Aguilar Gerardino*, *supra*; *In re Cobas Mondríguez*, *supra*. Por lo cual, relegar las exigencias que hace ese ente constituye conducta censurable bajo las disposiciones de nuestro ordenamiento ético. Íd.

### III

Surge del expediente personal del licenciado Falcón Morales que desde noviembre de 2023 este no ha entablado comunicación alguna con la ODIN para intentar atender las peticiones cursadas por ese ente. A su vez, el letrado tampoco ha tomado el tiempo de responder las Resoluciones emitidas por este Foro sobre este mismo asunto. Esto, aun cuando su desobediencia conllevó que fuese separado del ejercicio de la notaría de manera inmediata e indefinida y que se le apercibiera que estaba expuesto a sufrir la misma sanción con respecto a la práctica de la profesión de la

abogacía. Este tipo de conducta no puede ser tolerada, máxime ante la seriedad del asunto aquí envuelto.

La falta de acción por parte del licenciado Falcón Morales transgrede a simple vista el Canon 9 del Código de Ética Profesional, *supra*. Este es un claro y vivo ejemplo de falta de diligencia, desatención e indiferencia hacia las órdenes emitidas por este Tribunal y los requerimientos de sus brazos operacionales. En consecuencia, procede que se decrete la suspensión inmediata e indefinida al licenciado Falcón Morales del ejercicio de la abogacía. De igual forma, resulta necesario referir este asunto a un proceso de Desacato Civil.

## IV

Por los fundamentos expuestos, se suspende inmediata e indefinidamente al licenciado Falcón Morales del ejercicio de la abogacía.

El señor Falcón Morales deberá notificar a todos sus clientes sobre su inhabilidad para continuar representándolos. Además, deberá devolver los expedientes de los casos que tenga pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá notificar inmediatamente de su suspensión a cualquier foro administrativo y judicial en los que tenga algún asunto pendiente. A su vez, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Incumplir con lo

anterior podría conllevar que no se le reinstale a la práctica de la profesión legal de así solicitarlo en el futuro.

Se refiere este asunto a un proceso de Desacato Civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Falcón Morales al correo electrónico que aparece en el Registro Único de Abogados y Abogadas (RUA) y de manera personal.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Norberto Falcón Morales | TS-8,503 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de octubre de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Norberto Falcón Morales del ejercicio de la abogacía.

El señor Falcón Morales deberá notificar a todos sus clientes sobre su inhabilidad para continuar representándolos. Además, deberá devolver los expedientes de los casos que tenga pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá notificar inmediatamente de su suspensión a cualquier foro administrativo y judicial en los que tenga algún asunto pendiente. A su vez, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Incumplir con lo anterior podría conllevar que no se le reinstale a la práctica de la profesión legal de así solicitarlo en el futuro.

Se refiere este asunto a un proceso de Desacato Civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Falcón Morales al correo electrónico que aparece en el Registro Único de Abogados y Abogadas (RUA) y de manera personal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo